## COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

## PONTCHARTRAIN PARK HOMES, INC., Respondent.

No. 21181.

United States Court of Appeals
Fifth Circuit.

Aug. 31, 1965.

Louis F. Oberdorfer, Asst. Atty. Gen., D. of J., Lee A. Jackson, Atty., Dept. of Justice, Sheldon S. Cohen, Chief Counsel, I.R.S., Glen E. Hardy, Atty., I.R.S., Harry Baum, Harold C. Wilkenfield, Attys., Dept. of Justice, Washington, D. C., Michael I. Smith, Atty., Dept. of Justice, Washington, D. C., for petitioner.

Victor A. Sachse, Baton Rouge, La., Breazeale, Sachse & Wilson, Baton Rouge, La., for respondent.

Before MARIS,* RIVES, and BROWN, Circuit Judges.

PER CURIAM.

The Government petitions for review of the Tax Court's decision that the sale to the State Board of Education of Louisiana of a 17 acre tract, carved out of a much larger tract which had been laid out by developer Pontchartrain as a part of a joint venture development with the City of New Orleans of a negro housing and park area, was entitled to capital gains treatment. The Government insists that the sale was barred from capital gain treatment because the property was "held by the taxpayer primarily for sale to customers in the ordinary course of [its] trade or business." Int. Rev.Code § 1221(1).

We affirm the judgment of the Tax Court, at the same time resisting the entreaties of the Taxpayer to thereby voice our approval of any broad standards perhaps suggested in the Tax Court's opinion, so that they would become additional factors having, or thought to have, or hoped to have, some unique significance in this field which already suffers from a proliferation of tests. Thompson v. Commissioner, 5 Cir., 1963, 322 F.2d 122, 127. Because on this record it is clear that by the time of the sale, the Taxpayer's purposes with regard to this property had been so altered that the character of this part of the larger tract could no longer be considered as within § 1221(1), the Tax Court's ultimate fact finding must be sustained.

Affirmed.